**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BCD MUSIC GROUP, INC., a Texas corporation and DEEP DISTRIBUTION WORLDWIDE, INC.,<br><br>Defendants - Appellants. | No. 11-56448<br><br>D.C. No. 2:07-cv-05808-SJO-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 8, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

BCD Music Group, Inc., and Deep Distribution Worldwide, Inc., appeal

from an order amending a judgment against BCD to add Deep as a judgment

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

debtor based on the court's determination that Deep was the alter ego of BCD. *See* Fed. R. Civ. P. 69(a)(1). We affirm.

Because BCD and Deep did not dispute the applicability of California law in district court, their new argument on appeal that Texas law applies to the question whether Deep is the alter ego of BCD is forfeited. *Scott v. Ross*, 140 F.3d 1275, 1283 (9th Cir. 1998).

The district court did not clearly err in determining that Deep was BCD's alter ego. *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004); *Troyk v. Farmers Group, Inc.*, 90 Cal. Rptr. 3d 589, 619 (Cal. Ct. App. 2009). The district court reasonably could have determined that BCD and Deep had a unity of interest and ownership, based on evidence that BCD and Deep had the same ownership, shared an address, shared directors, shared a Managing Director, and operated in a similar industry with identical clients. Further, the district court reasonably could have determined that BCD would not pay its judgment debt (leading to an inequitable result) unless the corporate veil were pierced, based on evidence regarding BCD's financial condition and its failure to make payments to UMG. *See Troyk*, 90 Cal. Rptr. 3d at 619. Finally, the district court did not err in determining that Deep had the ability to control BCD's defense against UMG's copyright allegations, given the involvement of Deep's

2

managing director in the BCD litigation. *See NEC Elec. Inc. v. Hurt*, 256 Cal. Rptr. 441, 444–45 (Cal. Ct. App. 1989). In light of the district court's determination that Deep was BCD's alter ego, it is irrelevant whether Deep infringed UMG's copyrights in its own name, rather than in the name of BCD. *See Dow Jones Co. v. Avenel*, 198 Cal. Rptr. 457, 461 (Cal. Ct. App. 1984).

Finally, BCD and Deep forfeited their argument that the district court abused its discretion in denying the motion for reconsideration, because they failed to cite a single case or statute in support of their argument or otherwise develop it. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

**AFFIRMED.**